IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00239-MR-DLH

| | |
|---|---|
| KENNETH HANCOCK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A. and ) <br> RONALD BERG, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Bank of America, N.A.'s Motion for Summary Judgment [Doc. 51].

This action arises from the Plaintiff's purchase of Lot 638 (the "Lot") in Grey Rock at Lake Lure ("Grey Rock"), a planned resort community in North Carolina. The Plaintiff first learned about Grey Rock through a presentation given by Defendant Ronald Berg. After deciding to purchase a lot, the Plaintiff then turned to Defendant Bank of America, N.A. ("Bank of America") to finance his purchase.

Ultimately, Grey Rock's developer, LR Buffalo Creek, LLC, failed to complete the infrastructure and amenities in Grey Rock and subsequently became insolvent, leaving the Plaintiff owning land with a value significantly

lower than the original purchase price. The Plaintiff then brought this action against Bank of America and Ronald Berg, seeking to hold these Defendants legally responsible for his losses.

The Plaintiff initially brought suit in one mass action with other borrower-plaintiffs on December 8, 2011, but the Court severed all claims. Carter v. Bank of America, Civil Case No. 1:11-cv-00326 (W.D.N.C. Dec. 8, 2011). The Plaintiff then refiled an individual Complaint. Following the Court's Order granting in part and denying in part Bank of America's Motion to Dismiss, only Plaintiff's claims for fraud and for violations of the Interstate Land Sales Act ("ILSA") and the North Carolina Unfair and Deceptive Trade Practices Act ("Chapter 75") remain pending against the Defendants.

Bank of America now seeks summary judgment on the Plaintiff's remaining claims. While not consenting to an order for summary judgment being entered against him, the Plaintiff concedes that there are no material facts in dispute and that this case is factually and legally similar to other Grey Rock cases in which Bank of America was recently granted summary judgment. See Kaufman v. Bank of America, N.A., No. 1:12-cv-00228-MR-DLH, Docs. 37, 38 (W.D.N.C. 2014); Percy v. Bank of America, N.A., No. 1:12-cv-00235-MR-DLH, Docs. 46, 47, 49 (W.D.N.C. 2014); Chan v. Bank

of America, N.A., No. 1:12-cv-00236-MR-DLH, Docs. 38, 39 (W.D.N.C. 2014); Callahan v. Bank of America, N.A., No. 1:12-cv-00243-MR-DLH, Docs. 37, 38 (W.D.N.C. 2014).  Accordingly, for the reasons stated in the orders granting summary judgment in those previous cases, the Court concludes that the Defendant Bank of America, N.A. is entitled to judgment as a matter of law in this case.  There being no motions pending with respect to Ronald Berg, the Plaintiff's action against this Defendant will continue to proceed to trial.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant Bank of America N.A.'s Motion for Summary Judgment [Doc. 51] is **GRANTED**, and the Plaintiff's claims against the Defendant Bank of America, N.A. are hereby **DISMISSED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge